JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Gina Vasoli

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** ~~At~~torneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102

## DEFENDANTS

Yards Brewing Company, LLC
Trevor Prichett

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
         THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine |    Injury Product | |    New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product |    Liability | | ☐ 840 Trademark |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards |    Act of 2016 |    (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |    Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract |    Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** |    Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Property Damage |    Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - |    Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) |    Exchange |
| |    Medical Malpractice | |    Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |    Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff |    Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |    Sentence | |    or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |    Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** |    26 USC 7609 |    Act/Review or Appeal of |
| |    Employment | **Other:** | ☐ 462 Naturalization Application | |    Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| |    Other | ☐ 550 Civil Rights |    Actions | |    State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |    Conditions of | | | |
| | |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq.
Brief description of cause:
Plaintiff was discriminated against based on her pregnancy.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
05/05/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Philadelphia, PA 19128 _____

Address of Defendant: _____ 500 Spring Garden Street, Philadelphia, PA 19123 _____

Place of Accident, Incident or Transaction: _____ 500 Spring Garden Street, Philadelphia, PA 19123 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/05/2021 _____  _____*Caren Gurmankin*_____  _____205900_____

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases:**

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Caren N. Gurmankin _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 05/05/2021 _____  _____*Caren Gurmankin*_____  _____205900_____

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| GINA VASOLI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| YARDS BREWING COMPANY, LLC, et al. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | | |
|---|---|---|
| 05/05/2021 | *[signature]* | Plaintiff, Gina Vasoli |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

_____          :
                                         :
**GINA VASOLI**                          :
**Philadelphia, PA 19128**               :
                                         :          **CIVIL ACTION NO.**
                **Plaintiff,**   :
                                         :
    **v.**                             :
                                         :
**YARDS BREWING COMPANY, LLC**           :
**500 Spring Garden Street**             :
**Philadelphia, PA 19123**               :
                                         :
**and**                                  :
                                         :
**TREVOR PRICHETT**                      :
**500 Spring Garden Street**             :
**Philadelphia, PA 19123**               :
                                         :          **JURY TRIAL DEMANDED**
                                         :
              **Defendants.**   :
_____          :

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Gina Vasoli, brings this action against her former employer, Yards Brewing Company, LLC ("Corporate Defendant"). Corporate Defendant terminated Plaintiff within just about two (2) months after learning that she was pregnant, after she demonstrated undisputedly excellent performance over six (6) years of employment.

Corporate Defendant engaged in discriminatory and retaliatory conduct towards Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1100, *et seq.* ("PFPO"). Defendant's Chief Executive Officer, Trevor

Prichett ("Defendant Prichett"), aided and abetted the commission of Corporate

Defendant's discriminatory and retaliatory conduct towards Plaintiff.

## II.    <u>PARTIES</u>

1.    Plaintiff, Gina Vasoli, is an individual and a citizen of the

Commonwealth of Pennsylvania.

2.    Plaintiff is female.

3.    Corporate Defendant, Yards Brewing Company, LLC, is incorporated in

Pennsylvania, and has a principal place of business at 500 Spring Garden Street,

Philadelphia, PA 19123.

4.    Defendant Prichett, is an adult male and the CEO of Defendant.

5.    Corporate Defendant is engaged in an industry affecting interstate

commerce and regularly does business in the Commonwealth of Pennsylvania.

6.    At all times material hereto, Corporate Defendant employed more than

fifteen (15) employees.

7.    At all times material hereto, Corporate Defendant acted by and through

their authorized agents, servants, workmen, and/or employees acting within the course

and scope of their employment with Corporate Defendant and in furtherance of Corporate

Defendant's business.

8.    At all times material hereto, Corporate Defendant acted as an employer

within the meaning of the statutes which form the basis of this matter.

9.    At all times material hereto, Plaintiff was an employee of Corporate

Defendant within the meaning of the statutes which form the basis of this matter.

### III.   **JURISDICTION AND VENUE**

10.     The causes of action which form the basis of this matter arise under Title VII, the PHRA, and the PFPO.

11.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

12.     The District Court has supplemental jurisdiction over Count II and Count III (PHRA) pursuant to 28 U.S.C. § 1367.

13.     The District Court has supplemental jurisdiction over Count IV and Count V (PFPO) pursuant to 28 U.S.C. §1367.

14.     Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000(e)-5(f).

15.     On or about October 3, 2019, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination and retaliation alleged herein.  This Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

16.     On or about February 8, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue for her Complaint of Discrimination.  Attached hereto, incorporated herein, and marked as Exhibit "2" is a true and correct copy of the Notice of Right to Sue (with personal identifying information redacted).

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

3

IV.    **FACTUAL ALLEGATIONS**

18.    Plaintiff began working at Corporate Defendant on or about February 1, 2013.

19.    At all times material hereto, Plaintiff consistently demonstrated excellent performance throughout her employment with Corporate Defendant.  By way of example only, Corporate Defendant gave Plaintiff a positive performance review on or about March 25, 2019 and, as a result of the same, on or about May 10, 2019, a salary increase, effective later that month.

20.    As of the time that Defendants terminated Plaintiff's employment, in September 2019, she held the position of Communications and Marketing Manager.  Also as of that time, Plaintiff reported directly to Christopher Hancq (male), Business Development Manager.  Hancq reported to Defendant Prichett (male), CEO who, in turn, reported to Thomas Kehoe (male), Owner.

21.    On or about June 27, 2019, Plaintiff informed Defendant Prichett that she was pregnant and due in early January 2020.

22.    Plaintiff informed Hancq of her pregnancy on or about July 8, 2019.

23.    On or about July 9, 2019, Plaintiff told Hancq and Defendant Prichett that she was looking for recognition of her efforts and leadership in the Marketing Department over the years, given her skills, employment and performance history, and the fact that she had been overseeing Marketing operations since Corporate Defendant terminated the (male) head of Marketing over two (2) weeks earlier.

24.    Defendants did not respond to Plaintiff's request for advancement or recognition within the company.

25.     On or about July 11, 2019, Defendants announced that Hancq would be managing the Marketing Department.

26.     Plaintiff began reporting directly to Hancq once Defendants placed him in the position as head of the Marketing Department.

27.     After Plaintiff informed Defendants that she was pregnant, Defendants began treating her in a hostile and dismissive manner.

28.     Defendants' discriminatory treatment towards Plaintiff included, but was not limited to, that which is set forth below.

29.     Defendants removed from Plaintiff's responsibility certain of her job duties.

30.     Defendants told Plaintiff to stop handling marketing project management duties, which included managing projects' status, deadlines, personnel assignments, vendor communications, setting meeting agendas, and taking notes.

31.     Hancq took over Plaintiff's marketing project management duties.

32.     Defendants told Plaintiff to stop handling communications management duties, which included writing press releases, managing the company's outside public relations firm, and writing copy for sales materials and social media.

33.     Hancq took over Plaintiff's communications management duties.

34.     Defendants told Plaintiff to stop managing point-of-sale inventory and orders.

35.     Hancq took over Plaintiff's point-of-sale inventory and order duties.

36.     Defendants told Plaintiff to stop handling social media duties.  Plaintiff was also instructed to provide Hancq with the social medial strategy that she had

5

developed for the company.

37.     On or about September 3, 2019, Plaintiff complained to Hancq about "the significant reduction in my workload and responsibilities over the past two months".

38.     As Hancq was aware, Plaintiff's reference to "the past two months" was about when she informed Defendants of her pregnancy.

39.     Plaintiff followed up with Hancq as he did not respond to her email.

40.     Hancq did not respond to Plaintiff's second email complaining about the treatment to which she had been subjected for the past two (2) months (since she advised Defendants of her pregnancy).  When Plaintiff tried to talk to Hancq about the same, he brushed her off and refused to engage with her.

41.     On or about September 5, 2019, Defendants terminated Plaintiff's employment.

42.     Prichett told Plaintiff that the reason for her termination was that her position was eliminated for financial reasons and that it was not due to any fault of her own.

43.     Defendants' stated reasons for terminating Plaintiff's employment are pretextual.

44.     Corporate Defendant's demographics evidenced a bias against females, evidence of which is included below.

45.     Of the employees in the Marketing Department, Plaintiff was the only woman.

46.     While terminating Plaintiff, Defendants retained three (3) Marketing employees, including Hancq, two (2) of whom were less tenured and less experienced

6

than Plaintiff was.

47.     Plaintiff was qualified to perform responsibilities that were performed by the male employees in the Marketing Department whom Defendants retained.

48.     When Plaintiff returned from her (first) maternity leave in 2017, Corporate Defendant had removed certain of her responsibilities and assigned them to male employees, including one of her direct reports.

49.     Corporate Defendant has an underrepresentation of female employees, particularly in high-level positions.  By way of example only, and to Plaintiff's information and belief, only about four (4) out of Corporate Defendant's approximately fifteen (15) management positions were held by female employees; all of Corporate Defendant's Board members were male; and, Corporate Defendant's upper management team was entirely male.

50.     Plaintiff's sex, including her pregnancy, was a motivating and/or determinative factor in Defendants' discriminatory treatment of Plaintiff, including terminating her employment.

51.     Plaintiff's complaint about Defendants' discriminatory conduct was a motivating and/or determinative factor in Defendants' retaliatory treatment of Plaintiff, including terminating her employment.

52.     Defendants failed to prevent or address the sex discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of sex discriminatory and retaliatory conduct.

53.     The retaliatory action taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from

7

complaining of discrimination.

54.     As a direct and proximate result of the sex discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

55.     Defendants acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

## COUNT I - Title VII

56.     Plaintiff incorporates herein by reference paragraphs 1 through 55 above, as if set forth herein in their entirety.

57.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Corporate Defendant has violated Title VII.

58.     Said violations were done with malice and/or reckless indifference.

59.     As a direct and proximate result of Corporate Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

60.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Corporate Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

61.     No previous application has been made for the relief requested herein.

## COUNT II – PHRA (Corporate Defendant)

62.     Plaintiff incorporates herein by reference paragraphs 1 through 61 above, as if set forth herein in their entirety.

63.     Corporate Defendant, by the above improper and discriminatory and retaliatory acts, has violated the PHRA.

64.     Said violations were intentional and willful.

65.     As a direct and proximate result of Corporate Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

66.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Corporate Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

67.     No previous application has been made for the relief requested herein.

## COUNT III – PHRA (Defendant Prichett)

68.     Plaintiff incorporates by reference paragraphs 1 through 67, above, as if set forth fully and at length herein.

69.     Defendant Prichett aided, abetted, incited, compelled, and/or coerced the commission by Corporate Defendant of the discriminatory and retaliatory treatment to which Plaintiff was subjected.

70.     Defendant Prichett participated in and/or compelled the decision by Corporate Defendant to terminate Plaintiff's employment in violation of the PHRA.

71.     Defendant Prichett is personally liable to Plaintiff under the PHRA.

72.     As a direct and proximate result of Defendant Prichett's violations of the PHRA, Plaintiff has suffered and will suffer those damages and losses set forth herein.

73.     As a direct and proximate result of Defendant Prichett's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

74.     As a direct and proximate result of Defendant Prichett's violations of the PHRA, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to equitable and/or injunctive relief.

75.     No previous application has been made for the relief requested herein by Plaintiff.

## COUNT IV – PFPO (Corporate Defendant)

76.     Plaintiff incorporates herein by reference paragraphs 1 through 75 above, as if set forth herein in their entirety.

77.     Corporate Defendant, by the above improper and discriminatory and retaliatory acts, has violated the PFPO.

78.     Said violations were intentional and willful.

79.     As a direct and proximate result of Corporate Defendant's violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

80.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Corporate Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

81.     No previous application has been made for the relief requested herein.

## COUNT V – PFPO (Defendant Prichett)

82. Plaintiff incorporates by reference paragraphs 1 through 81, above, as if set forth fully and at length herein.

83. Defendant Prichett aided, abetted, incited, compelled, and/or coerced the commission by Corporate Defendant of the discriminatory and retaliatory treatment to which Plaintiff was subjected.

84. Defendant Prichett participated in and/or compelled the decision by Corporate Defendant to terminate Plaintiff's employment in violation of the PFPO.

85. Defendant Prichett is personally liable to Plaintiff under the PFPO.

86. As a direct and proximate result of Defendant Prichett's violations of the PFPO, Plaintiff has suffered and will suffer those damages and losses set forth herein.

87. As a direct and proximate result of Defendant Prichett's violations of the PFPO, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

88. As a direct and proximate result of Defendant Prichett's violations of the PHRA, Plaintiff has suffered and will suffer irreparable harm, as a result of which Plaintiff is entitled to equitable and/or injunctive relief.

89. No previous application has been made for the relief requested herein by Plaintiff.

**RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     declaring the acts and practices complained of herein to be in violation of the PFPO;

(d)     enjoining and permanently restraining the violations alleged herein;

(e)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(f)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)     awarding punitive damages to Plaintiff under Title VII;

(i)     awarding Plaintiff such other damages as are appropriate under Title VII, the PHRA, and the PFPO;

(j)      awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and,

(k)      granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

CONSOLE MATTIACCI LAW, LLC

Dated:  May 5, 2021                    BY:  _____
                                            Caren N. Gurmankin (205900)
                                            1525 Locust Street, 9th Floor
                                            Philadelphia, PA 19102
                                            (215) 545-7676

                                            Attorney for Plaintiff,
                                            Gina Vasoli

Exhibit "1"

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

| | |
|---|---|
| Gina Marie Vasoli, | : |
|     Complainant | : |
| | : |
| | : |
|       v. | : PHRC Case No. 201902674 |
| | : |
| Yards Brewing Company, | : EEOC No. 17F202060885 |
|     Respondent | : |
| | : |

**COMPLAINT**

**JURISDICTION**

1.    Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

**PARTIES**

2.    The Complainant herein is:

    Gina Marie Vasoli
    ██████████
    Philadelphia, PA  19128

3.    The Respondent herein is:

    Yards Brewing Company
    500 Spring Garden Street
    Philadelphia, PA 19123

Received

OCT - 4 2019

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

| | | |
|---|---|---|
| COMPLAINANT: | : | |
| **GINA MARIE VASOLI** | : | Docket No.  201902674 |
| v. | : | |
| RESPONDENTS: | : | |
| **YARDS BREWING COMPANY** | : | |
| and | : | |
| **CHRISTOPHER HANCQ, aider and abettor** | : | |
| and | : | |
| **TREVOR PRICHETT, aider and abettor** | : | |

1.  The Complainant herein is:

   Name:     <u>Gina Marie Vasoli</u>

   Address:  ███████████████
             Philadelphia, PA 19128

2.  The Respondents herein are:

   Names:    <u>Yards Brewing Company ("Respondent Company"); Christopher Hancq,</u>
             <u>aider and abettor ("Respondent Hancq"); Trevor Prichett, aider and abettor</u>
             <u>("Respondent Prichett")</u>

   Address:  500 Spring Garden Street
             Philadelphia, PA 19123

3. I, <u>Gina Marie Vasoli</u>, the Complainant herein, allege that I was subjected to unlawful discrimination because of my sex (female) and pregnancy and retaliation because of my complaints of pregnancy discrimination.

**Discrimination and Retaliation**

 **A. I specifically allege:**

  [1]  I began working at Respondent Company on or about February 1, 2013.

  [2]  I consistently performed my job duties in a highly competent manner.

  [3]  I last held the position of Communications and Marketing Manager.

  [4]  I last reported to Respondent Christopher Hancq (male), Business Development Manager. Respondent Hancq reported to Respondent Trevor Prichett (male), Chief Executive Officer. Respondent Prichett reported to Thomas Kehoe (male), Owner.

  [5]  Before reporting to Respondent Hancq, I reported to Louis Tumolo (male), Chief Marketing Officer.

  [6]  I was the only female employee reporting to Respondent Tumolo.

  [7]  On or about March 25, 2019, in a meeting with Respondent Prichett and Tumolo, I received a positive performance review.

  [8]  On or about May 10, 2019, in a meeting with Respondent Prichett, I received a salary increase, effective May 24, 2019.

  [9]  On or about May 24, 2019, I found out that I was pregnant and that my due date is January 8, 2020.

  [10]  On or about June 21, 2019, Respondent Company terminated Tumolo's employment.

[11]    On or about June 27, 2019, I informed Respondent Prichett that I was pregnant. I stated that I was due in January.

[12]    On or about July 8, 2019, I informed Respondent Hancq that I was pregnant. I stated that I was due in January.

[13]    On July 9, 2019, in a meeting with Respondent Hancq and Respondent Prichett, I asked for a leadership position in the Marketing Department, which was required by Respondent Company due to the termination of Tumolo. I was qualified for a leadership position in the Marketing Department. Respondents gave me no indication that my job was in jeopardy.

[14]    On July 11, 2019, Respondent Company announced that Respondent Hancq would be managing the Marketing Department.

[15]    On or about July 11, 2019, I began reporting to Respondent Hancq.

[16]    I was the only female employee reporting to Respondent Hancq in the Marketing Department.

[17]    In addition to me, the following employees reported to Respondent Hancq in the Marketing Department: Benjamin Lackey (male), Donations and Offsite Events Manager, Photographer, and Videographer; Corey Fox (male), Social Media Coordinator; and Brandt Imhoff (male), Graphic Designer. I was more qualified to perform most of these employees' positions and had longer service time at Respondent Company than each of these employees.

[18]    After informing Respondent Company of my pregnancy, Respondent Hancq treated me differently and worse, and in a more dismissive manner, than he had treated me before I informed him that I was pregnant.

[19]    Respondents removed job duties and responsibilities from me, and my job duties and responsibilities were significantly diminished after I informed Respondents that I was pregnant.

[20]    I was instructed to stop performing marketing project management duties. These duties included managing projects' status, deadlines, personnel assignments, vendor communications, setting meeting agendas, and taking notes. Respondent Hancq took over these duties.

[21]    I was instructed to stop performing communications management duties. These duties included writing press releases, managing Respondent Company's public relations firm, and writing copy for sales materials and social media. Respondent Hancq took over these duties.

[22]    I was instructed to provide Respondent Hancq with the social media strategy that I had built for Respondent Company and to stop performing social media duties. Respondent Hancq took over these duties.

[23]    I was instructed to stop managing point-of-sale inventory and orders. Respondent Hancq took over these duties.

[24]    On September 3, 2019, I complained of pregnancy discrimination. In an email to Respondent Hancq, I requested to meet with him to discuss my position and "the significant reduction in my workload and responsibilities over the past two months." I asked to meet with him as soon as possible, offering "to continue to help wherever I am needed," and wanting "to discuss how my time and skills can be best utilized . . . ."

[25]    I received no response to my email.

[26]    Respondents failed to investigate my complaint of pregnancy discrimination.

[27]    Respondents failed to remedy or prevent the sex and pregnancy discrimination to which I was subjected.

[28]    On September 4, 2019, I followed up with another email and in person to Respondent Hancq, again requesting to meet "as soon as [his] schedule allow[ed]."

[29]    Respondent Hancq was dismissive of my request in person, and I received no response to my email.

[30]    On September 5, 2019, in a meeting with Respondent Prichett, Respondent Company terminated my employment, effective immediately. The stated reason was position elimination. I was told that my termination was due to financial reasons and that it was no fault of my own. I stated that, throughout my employment with Respondent Company, I had taken on a variety of job duties and job titles, have adapted to Respondent Company's areas of greatest need, was striving to provide maximum value to Respondent Company, and was now being offered no opportunity or option to remain employed.

[31]    Respondents' stated reasons are pretext.

[32]    Respondents terminated my employment because of my sex and/or pregnancy and/or anticipated maternity leave and/or complaints of pregnancy discrimination.

[33]    I was approximately twenty-two (22) weeks pregnant when Respondents terminated my employment.

[34]    Before I informed Respondents of my pregnancy, I had no indication that my job was in jeopardy or that my employment would be terminated.

[35]     I had no performance or disciplinary issues throughout my employment with Respondent Company.

[36]     I was not offered any opportunity to remain employed with Respondent Company.

[37]     Respondents failed to provide me with any explanation, including the selection criteria, as to why I was terminated and male employees reporting to Respondent Hancq were retained.

[38]     When I was terminated, Respondent Company retained male employees reporting to Respondent Hancq in positions for which I was more qualified.

[39]     Lackey (male) and Fox (male) were hired after me and reported to me until I returned from my first maternity leave in 2017. When I returned from maternity leave in 2017, Respondent Company demoted me. My direct reports, including Lackey and Fox, and I were assigned to report to Respondent Hancq (male). Respondent Company removed a portion of my job duties and responsibilities and assigned them to Fox and Hancq. Despite my repeated requests, Respondent Company did not give me back my job duties and responsibilities that were removed from me following my maternity leave or give me other, increased job duties and responsibilities. Lackey, Fox, and Respondent Hancq were retained when I was terminated.

[40]     Respondent Company assigned my job duties to male and/or non-pregnant female employees. I was more qualified to do my job duties than the male and/or non-pregnant female employees to whom Respondent Company assigned my job duties.

[41]     Respondents' sex and pregnancy discriminatory conduct toward me has caused me emotional distress.

[42]    Respondent Company has an underrepresentation of female employees, particularly in high-level positions. For example, only four (4) out of Respondent Company's approximately fifteen (15) management positions are held by female employees. None of Respondent Company's upper management or board positions are held by females.

[43]    Respondent Hancq aided and abetted Respondent Company in discriminating against me because of my sex and/or pregnancy and/or anticipated maternity leave.

[44]    Respondent Prichett aided and abetted Respondent Company in discriminating against me because of my sex and/or pregnancy and/or anticipated maternity leave.

**B.** Based on the aforementioned, I allege that Respondents have discriminated against me because of my sex (female) and pregnancy and retaliated against me because of my complaints of pregnancy discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

    **X**        **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  (a); (d); (e)**

    ____        Section 5.1 Subsection(s) _____

    ____        Section 5.2 Subsection(s) _____

_____     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

5.     Other action based upon the aforesaid allegations has been instituted by the

Complainant in any court or before any other commission within the Commonwealth of

Pennsylvania as follows:

   __X__     **This charge will be referred to the EEOC for the purpose of dual**

**filing.**

6.     The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation

complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

_October 3, 2019_
(Date Signed)

_(Signature)_    Gina Marie Vasoli

Philadelphia, PA 19128

Exhibit "2"

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: **Gina M. Vasoli** | From: **Philadelphia District Office** |
|---|---|
| ▮▮▮▮▮▮▮▮▮ | **801 Market Street** |
| **Philadelphia, PA 19128** | **Suite 1000** |
| | **Philadelphia, PA 19107** |

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Kurt Jung** | |
| **17F-2020-60885** | **State, Local & Tribal Program Manager** | **(267) 589-9749** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Jamie R. Williamson*                    **02/08/2021**

Enclosures(s)

**Jamie R. Williamson**                  *(Date Issued)*
**District Director**

cc:  **YARDS BREWING COMPANY**

**Caren Gurmankin, Esq.**           **Rufus A. Jennings, Esq.**
**Console Mattiacci Law**           **Deasey, Mahoney & Valentini, Ltd.**
**1525 Locust Street, 9th Floor**   **1601 Market Street, Suite 3400**
**Philadelphia, PA 19102**          **Philadelphia, PA 19103**
gurmankin@consolelaw.com            rjennings@dmvlawfirm.com
buccieri@consolelaw.com